**Aloysius PRAYOGO, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–74344.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 16, 2008.*

Filed Oct. 24, 2008.

Kaaren L. Barr, Seattle, WA, for Petitioner.

Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, W. Daniel Shieh, U.S. Department of Justice, Washington, DC, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, for Respondent.

Before: LEAVY, RYMER, and THOMAS, Circuit Judges.

MEMORANDUM **

Aloysius Prayogo, a native and citizen of Indonesia, petitions for review of the

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for an abuse of discretion the denial of a motion to reopen, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir.2003), and we deny the petition for review.

The BIA did not abuse its discretion in denying Prayogo's motion to reopen as untimely because it was filed over two years after the BIA issued its final order, *see* 8 C.F.R. § 1003.2(c)(2), and Prayogo failed to demonstrate changed circumstances in Indonesia to qualify for the regulatory exception to the time limit for filing motions to reopen, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *see also Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir.2004) (requiring circumstances to have changed sufficiently that a petitioner who previously did not have a legitimate claim for asylum now has a well-founded fear of future persecution).

Prayogo's contention that the BIA violated his due process rights because it did not allow him to present evidence of changed circumstances fails because the motion to reopen was not granted and Prayogo failed to establish any error by the BIA. *See* 8 U.S.C. § 1229a(c)(7) (stating that motion to reopen shall state new facts that will be proven at a hearing to be held if the motion is granted); *see also Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000) ("To prevail on a due process challenge ... [petitioner] must show error and substantial prejudice.").

**PETITION FOR REVIEW DENIED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.